UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. MCCARTHY,<br><br>    Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent. | Case No. 16-cv-06820-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND REQUIRING ELECTION BY PETITIONER** |

## I. INTRODUCTION

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner James T. McCarthy, challenging the validity of a judgment obtained against him in state court. Petitioner asserts six claims. Respondent has filed an answer to the petition, arguing in part that Claims 1-3 are unexhausted. Respondent also argues that Claims 1 and 3 are procedurally barred. Petitioner has filed a traverse. For the reasons discussed below, the Court dismisses Claim 1 as procedurally barred and dismisses Claims 2 and 3 as unexhausted. Petitioner will be required to choose how to deal with the problem of his unexhausted claims.

## II. BACKGROUND

On November 26, 2012, the Alameda County District Attorney filed an information charging petitioner with 14 counts: Count one alleged continuous sexual abuse of a child (Cal. Penal Code § 288.5(a)); counts two through twelve alleged aggravated sexual assault of a child (Cal. Penal Code § 269(a)(4), (5)); count thirteen alleged forcible oral copulation (Cal. Penal Code § 288a(c)(2)(A)); and count fourteen alleged forcible rape (Cal. Penal Code § 261(a)(2)). CT 61-77. On February 13, 2013, the trial court granted the prosecutor's motion to dismiss count two. CT 164; 6RT 704.

On February 15, 2013, the jury found petitioner guilty of all the remaining counts. CT 264-76, 280-85; 7RT 961-70. On March 18, 2013, the trial court sentenced petitioner to an aggregate term of 150 years to life plus 32 years. CT 326-32; 8RT 997-1001.

Petitioner appealed. He raised the following issues on appeal: (1) the trial judge engaged in judicial misconduct by interjecting herself into the proceedings; (2) there was insufficient evidence of duress to sustain the convictions; and (3) the trial court erred in denying disclosure of sealed records. The California Court of Appeal affirmed the judgment of conviction in 2015, and the California Supreme Court denied review three months later. Exs. F, J.

Petitioner later filed petitions for writ of habeas corpus in the Alameda County Superior Court, California Court of Appeal, and California Supreme Court in which he raised the following issues: (1) prosecutorial misconduct on multiple grounds; (2) ineffective assistance of trial counsel on multiple grounds; and (3) trial court error in excluding testimony and other evidence. Dkt. 1 at 10-26, Dkt. 1-1 at 1-34, Dkt. 1-2 at 5-9. The superior court denied the petition as untimely and for failure to state a prima facie case for relief. Ex. K.

The California Court of Appeal denied all three of petitioner's state habeas claims as untimely and for failure to sufficiently set forth his claims. *See* Ex. L, citing *In re Clark*, 5 Cal. 4th 750, 782-99 (1993) (timeliness); *In re Robbins*, 18 Cal. 4th 770, 780 (1998) (timeliness); *In re Swain*, 34 Cal. 2d 300, 303-04 (1949) (insufficient pleading of claim). It also specifically held that Claim 1 was barred by *In re Dixon*, 41 Cal. 2d 756, 759 (1953) (failure to raise claim on direct appeal) and *In re Seaton*, 34 Cal. 4th 193, 199-200 (2004) (forfeiture for failing to object at trial).

*See* Ex. L. The court held that portions of Claim 3 that were not argued on appeal were barred by *Dixon* and that portions of Claim 3 that were argued on appeal were barred by *In re Waltreus*, 62 Cal. 2d 218, 225 (1965) (issue rejected on appeal cannot be renewed on habeas). *See* Ex. L.

Finally, the California Supreme Court denied petitioner's claims. Like the California Court of Appeal, the California Supreme Court cited *Dixon*, *Swain*, and *Waltreus* in its denial. Ex. M. It also cited *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), which, like *Swain*, is a dismissal for failure to state a claim with particularity and to support it with documentary evidence. Because the California Supreme Court did not cite *Clark*, *Robbins*, or *Seaton*, the Court assumes it implicitly overruled the court of appeal's rulings on timeliness and failure to object. *See Curiel v. Miller*, 830 F.3d 864, 871 (9th Cir. 2016) (en banc).

### III. DISCUSSION

Petitioner filed the instant petition on November 28, 2016. Petitioner asserts the following grounds for relief: (1) prosecutorial misconduct on multiple grounds; (2) ineffective assistance of trial counsel on multiple grounds; (3) trial court error in excluding testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his convictions; and (6) trial court error in denying disclosure of sealed records. As noted above, respondent argues that Claims 1 and 3 are procedurally barred and unexhausted and that Claim 2 is unexhausted. Respondent relies on the California Supreme Court's denial of petitioner's state habeas petition.

**A.    Claim 1**

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

Here, as noted above, petitioner raised his Claim 1 (prosecutorial misconduct) in his state habeas petitions, and the California Court of Appeal specifically denied the claim citing *In re*

*Dixon*, 41 Cal. 2d 756, 759 (1953). Ex. L. The California Supreme Court also denied the claim with a citation to *Dixon*. Ex. M. In *Dixon*, 41 Cal. 2d at 759, the California Supreme Court held that in order to bring a claim in a state habeas corpus action a petitioner must first, if possible, have pursued the claims on direct appeal from his or her conviction unless the claim falls within certain exceptions. *See Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000). The *Dixon* rule is both an adequate and independent state procedural rule. *Johnson v. Lee*, 136 S. Ct. 1802, 1805-06 (2016) (per curiam).

Procedural default, however, can be overcome if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The "cause standard" requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule," the Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray*, 477 U.S. at 488 (internal quotation marks and citations omitted). As to the prejudice prong, petitioner bears the burden of showing "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). "To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must 'be evaluated in the total context of the events at trial.'" *See Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir. 1997) (quoting *Frady*, 456 U.S. at 169). Here, petitioner does not even attempt to show cause and prejudice. Nor is there anything in the record to suggest he could make the requisite showing.

Nor does petitioner satisfy the second possible exception to procedural default, namely, that the Court's failure to consider the claims will result in a fundamental miscarriage of justice. The "miscarriage of justice" exception is limited to habeas petitioners who can show, based on

4

"new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quoting *Murray*, 477 U.S. at 496); *see, e.g.*, *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding petitioner must establish "factual innocence" in order to show fundamental miscarriage of justice would result from application of procedural default). In particular, petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of [such] new evidence." *Schlup*, 513 U.S. at 327. Here, petitioner submits no "new reliable evidence" establishing factual innocence.

Petitioner's only argument is that the prosecutorial misconduct started before trial began and therefore could not have been objected to at trial. *See* Traverse at 2-3. Petitioner confuses *In re Seaton*, 34 Cal. 4th 193, 199-200 (2004), which holds that a defendant must make a contemporaneous objection at trial in order to preserve an issue on appeal, with *In re Dixon*, 41 Cal. 2d 756, 759 (1953), which, as stated above, holds that in order to bring a claim in a state habeas corpus action a petitioner must first have pursued the claim on direct appeal. Nothing about the timing of the alleged prosecutorial misconduct would have prevented petitioner from pursuing the claim on direct appeal.

To the extent petitioner contends that the California courts erred in applying *Dixon*, petitioner's argument is not grounds for avoiding the procedural bar. "A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995). Because the California courts are the final expositors of California law, the state court's conclusion here that the state's timeliness rule was not satisfied is binding here. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default).

Accordingly, Claim 1 is procedurally defaulted and is now dismissed with prejudice.

//

//

**B.      Claim 2**

In Claim 2, petitioner asserts ineffective assistance of counsel on multiple grounds. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state court remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

Petitioner did file a petition for writ of habeas corpus in the California Supreme Court in which he presented his ineffective assistance of counsel subclaims, but that petition was rejected for a procedural reason that shows the subclaims are unexhausted. The California Supreme Court rejected petitioner's habeas petition without discussion but with a citation to *Duvall*, 9 Cal. 4th at 474. Under California law, a denial of a habeas petition with a citation to *Duvall* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474. The California Supreme Court also cited *In re Swain*, 34 Cal. 2d at 304, which requires that a petitioner "allege with particularity the facts upon which he would have a final judgment overturned."[1] When the California Supreme Court summarily denies a petition for writ of habeas corpus with citations to both *Duvall* and *Swain*, the decision is "'in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity.'" *Curiel*, 830 F.3d at 869 (alterations in original) (elaborating on the meaning of the *Duvall* and *Swain* citations in California Supreme Court orders). These are defects that can be cured in a renewed state petition. *Cf. Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (a state petition denied with a *Swain* citation, which stands for the proposition that a

---

[1] As discussed above, the California Supreme Court also cited to *In re Dixon* and *In re Waltreus* in its order denying petitioner's petition for writ of habeas corpus. These cites, however, do not apply to this claim because under California law, "except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal." *People v. Lopez*, 42 Cal. 4th 960, 972 (2008).

6

petitioner has failed to state his claim with sufficient particularity and has failed to explain the reasons for any delay in filing, can be cured in a renewed petition). State judicial remedies are not exhausted in such a case. *See id.* Here, petitioner can exhaust by filing a new habeas petition in the California Supreme Court that states his ineffective assistance of counsel subclaims with sufficient particularity and attaches any pertinent documents.

Where a petitioner maintains that the state procedural denial based on *Swain* was erroneous because he did allege his claims with particularity and that they are incapable of being alleged with any greater particularity, this Court cannot per se find the claims unexhausted. *See Villalobos*, 799 F.2d at 1319-20 (9th Cir. 1986). Rather, this Court must independently examine the petition presented to the state court to determine whether the claims were fairly presented. *See id.* at 1320 (if state procedural requirement consistently prevents fairly presented claim from being heard on merits, state's procedures are ineffective and exhaustion requirement is excused). Here, the Court has reviewed petitioner's state habeas petition filed in the California Supreme Court and agrees that the ineffective assistance of counsel subclaims were described in only a cursory fashion and without supporting documentation. For example, three of petitioner's ineffective assistance of counsel subclaims read as follows:

> Initial meeting with counsel in county jail, separated by glass in a noisy environment, petitioner emphasized the need to talk about the "I peed in my shoes" incident before anything else.
>
> . . . .
>
> Detailed events of Jane's behaviors, including the many times she showed up in parent's bathroom at inappropriate times.
>
> Petitioner disclosed user name and password for on-line work calendar, United Airlines account and American Express account.

Dkt. No. 1-1 at 22. This sparse presentation of argument with no evidentiary support left the state courts to guess at the meaning of petitioner's Claim 2. On this record, the state courts reasonably determined that Claim 2 was not fairly presented.

Accordingly, state court remedies have not been exhausted for Claim 2.

//

**C. Claim 3**

In Claim 3, petitioner asserts that the trial court erred in excluding testimony and other evidence. Respondent argues that the claim is both procedurally defaulted, pursuant to *Dixon*, and unexhausted. As noted above, the California Court of Appeal, in denying petitioner's state habeas petition, indicated the *Dixon* bar applied to the "portions of Ground 3 which were not argued on appeal." Ex. L. It does not appear that any part of this claim was raised on appeal. Moreover, the California Supreme Court did not limit its application of the *Dixon* bar. *See* Ex. M. This Court cannot say with certainty, however, that the California Supreme Court intended the *Dixon* bar to apply to Claim 3 in its entirety. Consequently, this Court cannot at this time find that Claim 3 is procedurally barred.

Nonetheless, the *Duvall* and *Swain* citations were applied without limitation in the state courts' habeas denials, rendering Claim 3 unexhausted for purposes of this action. As with Claim 2, the Court finds that Claim 3 was not fairly presented to the California Supreme Court. Specifically, petitioner failed to specifically identify the excluded evidence and failed to demonstrate what the excluded testimony would have shown. Petitioner cites to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), but *Brady* addresses the failure of the prosecutor to disclose evidence, not the trial court's exclusion of evidence. Finally, other than a small section from the trial transcript, Claim 3 lacks any documentary support.

Accordingly, state court remedies have not been exhausted for Claim 3.[2]

**D. Petitioner Must Choose How to Deal with the Unexhausted Claims.**

Petitioner's federal petition for writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to

---

[2] A district court may deny a habeas petition on the merits even if it is unexhausted. *See* 28 U.S.C. § 2254(b)(2). However, it is not required to do so. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999). The Ninth Circuit has limited § 2254(b)(2) by noting that courts may deny unexhausted claims "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). The Court cannot say that none of petitioner's ineffective assistance of counsel subclaims or exclusion of evidence subclaims is colorable and so declines to reach the merits of the claims at this time.

which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to choose how to proceed. Accordingly, instead of an outright dismissal of the action, this Court will allow petitioner to choose whether he wants to:

(1) dismiss the unexhausted Claims 2-3, and go forward in this action with only the exhausted Claims 4-6, or

(2) dismiss this action and return to state court to exhaust Claims 2-3 before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts Claims 2-3 in the California Supreme Court.

Petitioner is cautioned that each of the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed

habeas petitions.[3] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If petitioner files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Claim 1 is DISMISSED as procedurally defaulted.

2. Petitioner must file within **thirty (30)** days from the date of this order, a notice in which he states whether he chooses to (1) dismiss the unexhausted Claims 2-3 and go forward in this action with only Claims 4-6, or (2) dismiss this action and return to state court to exhaust Claims 2-3 before returning to federal court to present all of his claims in a new petition, or (3) move for a

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but the procedure often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Of Partial Dismissal And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within **thirty (30)** days from the date of this order, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted Claims 2-3 and issue a separate order ruling on the remaining Claims 4-6, which have already been fully briefed.

**IT IS SO ORDERED.**

Dated: 12/1/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge