UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br>Petitioner,<br>v.<br>SCOTT FRAUENHEIM, Warden,<br>Respondent. | Case No. 16-cv-06820-HSG (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

On November 28, 2016, petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. Petitioner asserted six claims: (1) prosecutorial misconduct on multiple grounds; (2) ineffective assistance of trial counsel on multiple grounds; (3) trial court error in excluding testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his convictions; and (6) trial court error in denying disclosure of sealed records. By order entered December 1, 2017, the Court dismissed Claim 1 as procedurally barred and dismissed Claims 2 and 3 as unexhausted. The Court ordered petitioner to elect how he wished to deal with the unexhausted claims. Now before the Court is petitioner's "Petition for Review after Decision by the U.S. District Court of No. California," which the Court construes as a motion for reconsideration of its December 1, 2017 order.

## DISCUSSION

Motions for reconsideration are governed by Civil Local Rule 7-9, which states:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
>> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>>
>> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>>
>> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c).

Petitioner failed first to seek leave of court before filing his motion for reconsideration, as required by the local rules. On that basis alone, the motion will be denied. *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Petitioner's *pro se* status does not excuse his non-compliance with the Court's procedural rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Even construing his motion as an application for leave to file a motion for reconsideration, however, it still must be denied. Petitioner's motion fails to make the showing required under Civil Local Rule 7-9. Petitioner has not shown a material difference in law or fact or a manifest failure by the Court to consider material facts or dispositive legal arguments. Nor does the Court otherwise find good cause for reconsideration.

//

# CONCLUSION

For the foregoing reasons,

1. Petitioner's motion for reconsideration is DENIED.

2. Petitioner must file within **fourteen (14)** days from the date of this order, a notice in which he states whether he chooses to (1) dismiss the unexhausted Claims 2-3 and go forward in this action with only Claims 4-6, or (2) dismiss this action and return to state court to exhaust Claims 2-3 before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within **fourteen (14)** days from the date of this order, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted Claims 2-3 and issue a separate order ruling on the remaining Claims 4-6, which have already been fully briefed.

3. Petitioner is advised to review the Court's December 1, 2017 order to inform himself on: (1) the risks he should take into account in deciding which option to choose, and (2) the showing required to obtain a stay.

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: 4/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge