UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br>Petitioner,<br>v.<br>SCOTT FRAUENHEIM, Warden,<br>Respondent. | Case No. 16-cv-06820-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE MOTION FOR STAY AND ABEYANCE**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

On November 28, 2016, petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. Petitioner asserted six claims: (1) prosecutorial misconduct on multiple grounds; (2) ineffective assistance of trial counsel on multiple grounds; (3) trial court error in excluding testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his convictions; and (6) trial court error in denying disclosure of sealed records. On December 1, 2017, the Court dismissed Claim 1 as procedurally barred and dismissed Claims 2 and 3 as unexhausted. The Court directed petitioner to elect how he wished to deal with the unexhausted claims. On April 25, 2018, the Court denied petitioner's motion for reconsideration and again directed petitioner to elect how he wished to deal with the unexhausted claims. Now before the Court is petitioner's motion for leave to file a motion for stay and abeyance.

**DISCUSSION**

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay.[1] A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. **If petitioner wishes to stay this action pursuant to *Rhines*, he must file a motion addressing the *Rhines* factors.**

In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Under this procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King,* 564 F.3d at 1135 (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.[2] **If petitioner wishes to seek a *King/Kelly* stay**

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For convenience, the court refers to the combined procedure as a stay.

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for

2

**he must file an amended petition deleting any unexhausted claims and a file a motion for a stay stating he seeks a *King*/*Kelly* stay and discussing how the later amendment of any newly exhausted claims will share a common core of operative facts as the exhausted claims and will comply with the statute of limitations.**

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion for leave to file a motion for stay is DENIED without prejudice.

2. Petitioner must, within **thirty (30)** days from the date of this order, file a renewed motion for stay pursuant to the instructions above. If petitioner files a motion for a *King*/*Kelly* stay, his amended petition deleting the unexhausted claims must include the caption and civil case number used in this order, No. C 16-6820 HSG (PR) and the words AMENDED PETITION on the first page. If petitioner does not file a renewed motion for stay, the Court will dismiss the unexhausted Claims 2-3 and issue a separate order ruling on the remaining Claims 4-6, which have already been fully briefed.

This order terminates Dkt. No. 21.

**IT IS SO ORDERED.**

Dated: 5/15/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3