1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  JAMES T. MCCARTHY,  Case No. 16-cv-06820-HSG (PR)
8  Petitioner,
9  v.  **ORDER GRANTING MOTION TO STAY PROCEEDINGS; DIRECTIONS TO CLERK**
10 SCOTT FRAUENHEIM, Warden,
   Re: Dkt. No. 24
11 Respondent.
12
13  On November 28, 2016, petitioner filed the above-titled *pro se* petition for a writ of habeas
14 corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him
15 in state court. Petitioner asserted six claims: (1) prosecutorial misconduct on multiple grounds;
16 (2) ineffective assistance of trial counsel on multiple grounds; (3) trial court error in excluding
17 testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his
18 convictions; and (6) trial court error in denying disclosure of sealed records. On December 1,
19 2017, the Court dismissed Claim 1 as procedurally barred and dismissed Claims 2 and 3 as
20 unexhausted. The Court directed petitioner to elect how he wished to deal with the unexhausted
21 claims. On April 25, 2018, the Court denied petitioner's motion for reconsideration and again
22 directed petitioner to elect how he wished to deal with the unexhausted claims.
23  On May 15, 2018, the Court denied without prejudice petitioner's motion for leave to file a
24 motion for stay and abeyance. Petitioner did not show that he qualified for a stay under either
25 *Rhines v. Weber*, 544 U.S. 269 (2005), or *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) and *Kelly v.
26 Small*, 315 F.3d 1063 (9th Cir. 2003). The criteria for those two kinds of stays were explained to
27 petitioner, and he was allowed an opportunity to file a new motion, which he did in a timely
28 fashion. Now before the Court is petitioner's motion, pursuant to *Rhines v. Weber*, to stay these

proceedings and hold his petition in abeyance so that he may exhaust state court remedies for Claims 2 and 3. Respondent has not filed an opposition, and the time in which to do so has passed.

Under *Rhines*, a district court may stay a mixed petition only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). Upon due consideration, the Court GRANTS petitioner's motion for stay and abeyance. The Ninth Circuit recently held that a petitioner can establish good cause under *Rhines* if he was not represented by counsel in his state post-conviction proceedings. *See Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."). Under the rationale of *Dixon*, petitioner's unrepresented and unsuccessful attempt to exhaust some of his claims because he did not properly present them to the state high court constitutes good cause for a stay under *Rhines*. *See id.* at 723 (reversing and remanding case with instructions to grant petitioner's motion for a stay and abeyance with reasonable time limits while he pursues his unexhausted claims in state court). Further, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. *See Rhines*, 544 U.S. at 278.

Petitioner is cautioned that he must exhaust his claims in the California Supreme Court. *See McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (petitioner must present to the highest state court all claims he wishes to raise in a federal habeas petition). Petitioner must also promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, petitioner must notify this court within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims. The notice must clearly

2

identify in the caption that it is to be filed in Case No. C 16-6820 HSG (PR).  When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.  Upon petitioner's filing of the notification that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

The action is hereby STAYED.  The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 9/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge