UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br><br>Petitioner,<br><br>v.<br><br>CRAIG KOENIG, Warden,<br><br>Respondent. | Case No. 16-cv-06820-HSG (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION TO LIFT STAY AND REOPEN ACTION; DIRECTING PETITIONER TO FILE AMENDED PETITION**<br><br>Re: Dkt. Nos. 31, 32 |

## INTRODUCTION

On November 28, 2016, petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. Petitioner asserted six claims: (1) prosecutorial misconduct on multiple grounds; (2) ineffective assistance of trial counsel on multiple grounds; (3) trial court error in excluding testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his convictions; and (6) trial court error in denying disclosure of sealed records. By order entered December 1, 2017, the Court dismissed Claim 1 as procedurally barred and dismissed Claims 2 and 3 as unexhausted. The Court ordered petitioner to elect how he wished to deal with the unexhausted claims. On April 25, 2018, the Court denied petitioner's motion for reconsideration of the December 1, 2017 order and again directed petitioner to elect how he wished to deal with the unexhausted claims.

On September 25, 2018, the Court granted petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The Court stayed the petition and administratively closed the case while petitioner returned to state court to exhaust state remedies on Claims 2 and 3. Now before the Court are: (1) petitioner's motion for reconsideration of the Court's December 1, 2017 dismissal of Claim 1 as procedurally barred; and (2) petitioner's motion to reopen the action.

**DISCUSSION**

**A.  Motion for Reconsideration**

Petitioner has filed a motion for reconsideration of that portion of the Court's December 1, 2017 order dismissing Claim 1 as procedurally barred. Dkt. No. 31. Motions for reconsideration are governed by Civil Local Rule 7-9, which states:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
>> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>>
>> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>>
>> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written

2

> argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civ. L.R. 7-9(a)-(c).

In compliance with the local rules, petitioner seeks leave of court to file his motion. However, petitioner fails to show he exercised reasonable diligence as this motion was brought more than ten months after the Court dismissed Claim 1. Further, as noted above, this is petitioner's second request for the Court to reconsider its December 1, 2017 order. As with his first motion, petitioner's renewed motion fails to make the showing required under Civil Local Rule 7-9. Petitioner has not shown a material difference in law or fact or a manifest failure by the Court to consider material facts or dispositive legal arguments. Nor does the Court otherwise find good cause for reconsideration.

Petitioner appears to argue that ineffective assistance of counsel on direct appeal caused the default of his Claim 1 in state court such that he should qualify for the "cause and prejudice" exception to default provided by *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See* Dkt. No. 31-1 at 3. To establish cause for a procedural default based on ineffective assistance of counsel, a petitioner must show that: (1) counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and (2) the deficient performance prejudiced the defense. *Loveland v. Hatcher*, 231 F.3d 640, 644 (9th Cir. 2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Petitioner has not made this showing.

Petitioner is reminded that to the extent he claims that the state courts erred in barring his claim, petitioner's argument is not grounds for avoiding the procedural bar. "A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995). Because the California courts are the final expositors of California law, the state courts' conclusion that the state's *Dixon*[1] rule was not

---

[1] *In re Dixon*, 41 Cal. 2d 756, 759 (1953) (California Supreme Court holding that in order to bring a claim in a state habeas corpus action, a petitioner must first, if possible, have pursued the claims on direct appeal from his or her conviction unless the claim falls within certain exceptions).

3

satisfied is binding here. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default).

Accordingly, the renewed motion for reconsideration will be denied.

**B.  Motion to Reopen Action**

Petitioner has filed a motion to reopen the action. Dkt. No. 32. Petitioner previously alerted the Court that he has now exhausted all claims in the California Supreme Court. *See* Dkt. No. 28. Good cause appearing, the action will be reopened and the stay will be lifted pursuant to the instructions below.

## CONCLUSION

For the foregoing reasons,

1.      Petitioner's motion for reconsideration is DENIED.

2.      Petitioner's motion to lift the stay and reopen the case is GRANTED, and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

3.      No later than **thirty (30)** days from the date of this order, petitioner shall file with the Court an amended petition that includes all claims that he seeks to pursue in this proceeding. Petitioner must use the habeas form provided by the Court and include on the front page thereof the caption and civil case number used in this order, No. C 16-6820 HSG (PR) and the words "AMENDED PETITION." Because an amended petition supersedes an original petition, petitioner must repeat Claims 4, 5, and 6 as well as any portions of Claims 2 and 3 that he has exhausted in state court and wishes to pursue here. Petitioner should not include Claim 1 in the amended petition as that claim has been dismissed with prejudice as procedurally defaulted.

Once the amended petition is filed, the Court will review it pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

4.      Petitioner notes that Scott Frauenheim is no longer the warden of the Correctional Training Facility, where petitioner is incarcerated. *See* Dkt. No. 32 at 2. Craig Koenig is now the acting warden. Pursuant to Fed. R. Civ. P. 25(d), the Clerk shall substitute Craig Koenig as the respondent in this action.

5. The Clerk is further directed to send petitioner a copy of the court's form habeas petition.

This order terminates Dkt. Nos. 31 and 32.

**IT IS SO ORDERED.**

Dated: 10/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge