UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br><br>Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>Respondent. | Case No. 16-cv-06820-HSG<br><br>**ORDER DENYING LEAVE TO FILE MOTION SEEKING DECLARATORY JUDGMENT**<br><br>Re: Dkt. No. 36 |

Petitioner, a California state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. The respondent has filed an answer to the amended petition, and this matter is fully briefed. Petitioner now requests leave to file a motion for a declaratory judgment that the prosecution committed misconduct with respect to the November 15, 2012 preliminary hearing. Dkt. No. 36. Petitioner's request is DENIED for the following reasons.

This Court is without authority to entertain a request for declaratory judgment with respect to a state court conviction. A state prisoner may not seek any kind of declaratory judgment or injunctive relief regarding a challenge to his state conviction apart from filing an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See Calderon v. Ashmus*, 523 U.S. 740, 742–49 (1998); *see also United States v. Gutierrez*, 116 F.3d 412, 415 (9th Cir. 1997). "'[T]he Declaratory Judgment Act may not be used as a substitute for habeas corpus, coram nobis or other such procedures.'" *Gutierrez*, 116 F.3d. at 416 (citations omitted) (affirming district court's denial of motion for declaratory relief because "the Declaratory Judgment Act is not a substitute for a

§ 2255 motion to correct a sentence . . .").[1]  This order terminates Dkt. No. 36.

**IT IS SO ORDERED.**

Dated: 3/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that petitioner alleged prosecutorial misconduct in his original petition (Dkt. No. 1), and on December 1, 2017, the Court dismissed this claim as procedurally barred (Dkt. No. 15). The Court may not consider a procedurally barred claim. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 750 (1991).