UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br><br>Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>Respondent. | Case No. 16-cv-06820-HSG<br><br>**ORDER DENYING REQUEST LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 39 |

Petitioner, a California state prisoner, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. The respondent has filed an answer to the amended petition, and this matter is fully briefed. On March 6, 2020, the Court denied petitioner's request for leave to file a motion seeking a judgment declaring that the prosecution committed misconduct with respect to the November 15, 2012 preliminary hearing. Dkt. No. 38. Now pending before the Court is petitioner's request that the Court reconsider its denial, which the Court construes as a request for leave to file a motion for reconsideration.[1] Dkt. No. 39. Petitioner's request for leave to file a motion for reconsideration is denied.

Pursuant to Local Rule 7-9(b), a party seeking reconsideration must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

---

[1] Pursuant to Local Rule 7-9, before the entry of judgment, parties must obtain leave of Court to file a motion for reconsideration. N.D. Cal. L. R. 7-9.

emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Petitioner has not shown that any of these three circumstances exist. Petitioner argues that his request for declaratory judgment is authorized by Fed. R. Civ. P. 57, which provides that the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. Petitioner argues that the Court misunderstood his request and that his request for declaratory judgment is not an attempt to circumvent the habeas corpus procedure but only "to establish the elements of the controversy." *See generally* Dkt. No. 39. As explained in the Court's March 6, 2020 order, this Court is without authority to entertain a request for declaratory judgment with respect to a state court conviction. A state prisoner may not seek any kind of declaratory judgment or injunctive relief regarding a challenge to his state conviction apart from filing an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See Calderon v. Ashmus*, 523 U.S. 740, 742–49 (1998); *see also United States v. Gutierrez*, 116 F.3d 412, 415 (9th Cir. 1997). Generally speaking, Fed. R. Civ. P. 57 applies to civil proceedings in the United States district courts, and not to petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Even if Fed. R. Civ. P. 57 applied to 28 U.S.C. § 2254 proceedings, it does not require this Court to entertain a declaratory judgment, as petitioner argues, even if the petitioner only intends for the declaratory judgment to apply to an underlying issue in the habeas petition.

Petitioner's request for leave to file a motion for reconsideration of the Court's March 6, 2020 order is DENIED.

This order terminates Dkt. No. 39.

**IT IS SO ORDERED.**

Dated: 3/27/2020

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

2