UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T MCCARTHY,<br>    Petitioner,<br>    v.<br>CRAIG KOENIG,<br>    Respondent. | Case No. 16-cv-06820-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(B)**<br><br>Re: Dkt. No. 51 |

Petitioner, an inmate at Correctional Training Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2020, the Court denied the petition for a writ of habeas corpus, and denied a certificate of appealability. Dkt. Nos. 45, 46. Petitioner appealed to the Ninth Circuit Court of Appeals and, on March 29, 2021, the Ninth Circuit denied his request for a certificate of appealability. Dkt. Nos. 47, 49. On April 20, 2021, the Ninth Circuit denied Petitioner's request for reconsideration en banc. Dkt. No. 50. On May 17, 2021, Petitioner filed a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), alleging mistake by this court and fraud on the court, misrepresentation, and misconduct by the Alameda County District Attorney's Office. Dkt. No. 51. For the reasons set forth below, Petitioner's motion is DENIED.

**DISCUSSION**

**I.    Procedural Background**

On November 28, 2016, Petitioner commenced the instant action, raising the following six claims for relief: (1) prosecutorial misconduct on multiple grounds, alleging that the prosecutor engaged in presumptive, selective, vindictive, arbitrary, discriminatory and fraudulent prosecution; set excessive bail; failed to adhere to state criminal law and procedure; failed to investigate false

claims made by the victim or examine contradictory statements; deceived the court; impeded defense efforts to discover favorable testimony; suppressed fundamental information regarding the victim's psychotherapy and school records; interfered with witness testimony; (2) ineffective assistance of trial counsel on multiple grounds, challenging (a) the trial tactics employed by trial counsel, such as what evidence or testimony was presented and the failure to make certain objections or to focus cross-examination in a certain manner; (b) the failure to investigate or secure certain evidence; and (c) the delay in providing Petitioner his case files after the conviction; (3) trial court error in excluding testimony and other evidence; (4) judicial bias; (5) insufficient evidence to support his convictions; and (6) trial court error in denying disclosure of sealed records. On December 1, 2017, the Court dismissed Claim 1 (prosecutorial misconduct) as procedurally barred and dismissed Claims 2 and 3 as unexhausted; and directed Petitioner to elect how he wished to deal with the unexhausted claims. Dkt. No. 15. On September 25, 2018, pursuant to Petitioner's request, the Court stayed the petition and administratively closed the case while Petitioner returned to state court to exhaust state remedies for Claims 2 and 3. Dkt. No. 26. On October 31, 2018, the Court reopened the action. Dkt. No. 33.

On November 20, 2018, Petitioner filed an amended petition. The amended petition omitted Claim 1, but included Claims 2 through 6 without material change. Dkt. No. 34.

On July 13, 2020, the Court denied the petition for a writ of habeas corpus, denying all of the claims on the merits,[1] and denied a certificate of appealability. Dkt. No. 45.

**II. Analysis**

Fed. R. Civ. P. 60(b) permits a party to seek relief from a final judgment under limited circumstances, including where there has been mistake or there has been fraud by an opposing party. Fed. R. Civ. P. 60(b)(1), (3). Petitioner argues that he is entitled to relief from judgment pursuant to Fed. R. Civ. P. 60(b) because (1) the Court made a mistake in its ruling when it disregarded the significance of the police case notes and the CALICO interview transcripts, which proved that counsel was ineffective and "set the benchmark standard to the truth of the matter,"

---

[1] Although the Court found that Claim 4, judicial bias, was procedurally defaulted, the Court also considered and denied this claim on the merits. Dkt. No. 45 at 23-31.

and when it disregarded the preliminary hearing transcripts which showed the prosecution's heavy influence on Jane Doe, which violated Petitioner's due process rights; and (2) Jane Doe and the Alameda County District Attorney's Office perpetrated a fraud on this Court because they conspired to present false testimony of abuse.  Dkt. No. 51.

With respect to the portion of Petitioner's first claim regarding the CALICO interview transcript and the police case notes, this argument was raised in the amended habeas petition and the Court denied this argument on the merits.  In the amended habeas petition, Petitioner alleged that trial counsel was ineffective for failing to investigate certain issues, including when he failed to obtain the CALICO interview transcript and police case notes, because these pieces of evidence would have challenged Jane Doe's credibility by showing that her trial testimony was inconsistent with statements made during the CALICO interview and with her initial witness statement to the police.  The amended petition argues more specifically that, in the CALICO interview, Jane Doe stated that Petitioner unzipped his pants on four different occasions, and that on the day of the alleged rape, she was sitting on the bed with all her clothes on and did not remember how her pants came off; and that both these statements are inconsistent with her trial testimony.  The amended petition further states that in the CALICO interview, Jane Doe denied keeping a diary or journal, yet in her initial witness statement to the police, she stated she used a journal to document events but never produced this journal.  Dkt. No. 34 at 33.  The Court addressed this argument, finding that the investigation conducted by trial counsel was reasonable and that there was no prejudice caused by the failure to obtain the CALICO interview transcript or the police case notes. Dkt. No. 45 at 20.  Specifically, the Court found that it was clear from the record that counsel had a detailed understanding of Jane Doe and the relevant events that could call into question the credibility of Jane Doe's testimony, such as her history of abuse prior to being adopted, her rape, the possibility that she had an alcohol abuse problem, the layout of the Land Rover, and Petitioner's work schedule. The Court further found that the issues that counsel failed to investigate were either already known to trial counsel, not exculpatory, or had been excluded. Dkt. No. 45 at 20.  The transcript of the CALICO interview and the police case notes were not exculpatory:  they did not definitively establish that Jane Doe was not a credible witness.  At most,

these pieces of evidence established that Jane Doe testified inconsistently regarding whether Petitioner unbuttoned or unzipped his jeans, whether she was naked or clothed the day of the rape, and whether she kept a journal.  As discussed in the Court's denial of the habeas petition, regardless of inconsistencies in Jane Doe's testimony,

> [t]here was ample evidence from which the jury could have reasonably determined that petitioner was guilty of the crimes charged, such as Jane Doe's testimony, the mixed semen and saliva samples, Jane Doe's contemporaneous note included with the saliva samples, and the jailhouse call and testimony wherein petitioner admitted to at least one instance of sexual contact, albeit allegedly brief, accidental, and coerced, with Jane Doe.

Dkt. No. 45 at 19.  In addition, trial counsel reasonably chose to challenge Jane Doe's overall credibility in other ways, such as by arguing that her version of events was implausible, by pointing out inconsistencies in her trial testimony, and by highlighting how the specific events she testified about at trial were only recently remembered and were not disclosed previously to therapists or investigators.  The Court did not commit a mistake in rejecting Petitioner's claim that the CALICO interview transcripts and police case notes were so critically significant to challenging Jane Doe's credibility that trial counsel was ineffective in failing to obtain these pieces of evidence.  The Court therefore DENIES the motion to set aside the judgment on this basis.

With respect to the portion of Petitioner's first claim that this Court incorrectly disregarded the preliminary hearing transcripts which showed the prosecution's heavy influence on Jane Doe, and Petitioner's second claim, that Jane Doe and the Alameda County District Attorney's Office conspired to present false testimony of abuse, thereby perpetrating a fraud on this Court, these claims are simply Petitioner's prosecutorial misconduct claim restated in a different manner. Petitioner presented this prosecutorial misconduct claim in his initial habeas petition, Dkt. No. 1-1 at 13-14, 18-19, and it was denied as procedurally defaulted, Dkt. No. 15 at 3-5.  Petitioner cannot avoid procedural default by recasting these claims as fraud.  In addition, Petitioner has failed to show that Jane Doe and the Alameda County District Attorney's Office perpetrated fraud on this Court.  Fraud on the court must "involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision," and must be established by clear and convincing evidence.  *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015).  Petitioner's claim of fraud is

premised on his argument that the inconsistencies between Jane Doe's trial testimony and her statements prior to trial (in the preliminary hearing, initial police witness interview, and CALICO interview) conclusively establish that Jane Doe lied and that the prosecution was aware that she was giving false testimony. A handful of inconsistencies in testimony are not clear and convincing evidence of fraud. As discussed *supra*, the inconsistencies in Jane Doe's statements do not conclusively exculpate Petitioner, and substantial evidence was presented at trial from which a jury could reasonably conclude that Petitioner was guilty of the charged crimes. Petitioner has not shown fraud on the court by clear and convincing evidence, and the Court therefore DENIES the motion to set aside the judgment based on fraud.

## CONCLUSION

For the reasons set forth above, Petitioner's motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b) is DENIED.

This order terminates Dkt. No. 51.

**IT IS SO ORDERED.**

Dated: 5/25/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge