1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     JAMES T MCCARTHY,                           Case No. 16-cv-06820-HSG

8                     Petitioner,                 **ORDER DENYING MOTION FOR**
                                                  **RECONSIDERATION OF DENIAL OF**
9            v.                                   **FED. R. CIV. P. 60(B) MOTION**

10    CRAIG KOENIG,                               Re: Dkt. No. 53

11                    Respondent.

12

13           Petitioner, an inmate at Correctional Training Facility, filed this *pro se* action seeking a

14    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 13, 2020, the Court denied the

15    petition for a writ of habeas corpus, and denied a certificate of appealability.  Dkt. Nos. 45, 46.

16    Petitioner appealed to the Ninth Circuit Court of Appeals and, on March 29, 2021, the Ninth

17    Circuit denied his request for a certificate of appealability.  Dkt. Nos. 47, 49.  On April 20, 2021,

18    the Ninth Circuit denied Petitioner's request for reconsideration en banc.  Dkt. No. 50.  On May

19    17, 2021, Petitioner filed a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b),

20    alleging mistake by this court and fraud on the court, misrepresentation, and misconduct by the

21    Alameda County District Attorney's Office.  Dkt. No. 51.  On May 25, 2021, the Court denied

22    Petitioner's Fed. R. Civ. P. 60(b) in a reasoned order.  Now pending before the Court is

23    Petitioner's motion to appeal the Court's May 25, 2021 denial.  Dkt. No. 53.[1]

24           Petitioner appeals the Court's May 25, 2021 denial on the grounds that the denial failed to

25    consider the impact fraud had on the state court proceedings; incorrectly concluded that Petitioner

26

27    [1] A certificate of appealability likely is required for appeals from the denials of Rule 60(b) motions
      for relief from judgment arising out of the denial of a habeas petition.  *United States v. Winkles*,
28    795 F.3d 1134, 1142 (9th Cir. 2015).  Although *Winkles* involves a § 2255 motion, it discussed
      § 2254 proceedings throughout.

United States District Court
Northern District of California

had not produced clear and convincing evidence of the fraud to justify relief; showed favoritism to the prosecution; incorrectly concluded that defense attorney provided effective counsel within the meaning of the Sixth Amendment; incorrectly concluded that the fraud claim was a re-statement of the prosecutorial misconduct claim; and incorrectly concluded that the prosecutorial misconduct claim was procedurally barred.  Dkt. No. 53.

The essence of Petitioner's fraud-related arguments is that the victim and the prosecution committed fraud on the court in the underlying state court proceedings.  While the Court has the authority under Fed. R. Civ. P. 60(b)(3) to set aside a judgment for fraud on the court, this applies only where the fraud was not known at the time of settlement or entry of judgment.  *United States v. Sierra Pacific Indus.*, 862 F.3d 1157, 1168 (9th Cir. 2017).  Here, the alleged fraud was known to Petitioner at trial, and Petitioner has repeatedly raised this argument in both state court proceedings and the instant action.  Fed. R. Civ. P. 60(b)(3) is therefore inapplicable here.

The Court has considered and denied Petitioner's claims of ineffective assistance of counsel in both the order denying the habeas petition and the order denying the request for reconsideration.  The Court will not further address Petitioner's ineffective assistance of counsel claims.

Petitioner has raised variations of these arguments throughout this actions.  In denying the petition for a writ of habeas corpus and the request for reconsideration, the Court carefully considered both the entire record and Petitioner's arguments, and correctly applied the applicable governing law.  The Court did not err in denying either the petition for a writ of habeas corpus or the request for reconsideration.

This order terminates Dkt. No. 53.

**IT IS SO ORDERED.**

Dated:  7/27/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2